# EXHIBIT A

STATE OF NEW MEXICO
COUNTY OF CURRY
NINTH JUDICIAL DISTRICT COURT

9th JUDICIAL DISTRICT COURT
Curry County
2/28/2022 11:14 AM
CLERK OF THE COURT
VICKI J. WILKERSON

FRANKIE TIPTON,
    Plaintiff,

v.

ROMULUS INC. d/b/a ROMULUS
RESTAURANT GROUP
and LOTHARLO, LLC,
    Defendants.

No. D-905-CV-2022-00040

JUDGE: DAVID P. REEB

## COMPLAINT FOR NEGLIGENCE, PERSONAL INJURIES AND DAMAGES

COMES NOW Plaintiff, Frankie Tipton, by and through counsel of record, Harmon, Barnett & Morris, P.C. (Jared Morris), and for his Complaint for Negligence, Personal Injuries and Damages would respectfully STATE:

### GENERAL ALLEGATIONS

1. Plaintiff, Frankie Tipton, is an individual residing in Lubbock County, Texas.

2. Upon information and belief, Defendant, Romulus Inc. (hereinafter "Romulus"), is an Arizona corporation doing business as Romulus Restaurant Group. Upon Information and belief, Romulus may also be known as Romulus Restaurants, LLC.

3. Romulus owns and operates a number of franchise restaurants in New Mexico, including IHOP 3052 (hereinafter the "IHOP Restaurant") located at 811 E. 21st Street in Clovis, Curry County, New Mexico.

4. The IHOP Restaurant is a franchise of International House of Pancakes, LLC, a California limited liability company and subsidiary of Dine Brands Global, Inc.

5. Defendant, Lotharlo, LLC, (hereinafter "Lotharlo") is a New Mexico limited liability company which owns the real property at 811 E. 21st Street in Clovis, New Mexico, 88101 upon

which the IHOP Restaurant operates.

6. In 2019, Plaintiff and his wife, Vicki Tipton, resided in Clovis, Curry County, New Mexico and were regular and frequent customers of the IHOP Restaurant.

7. On the morning March 3, 2019, Plaintiff travelled to the IHOP Restaurant to eat breakfast. The weather was extremely cold on that morning and the forecast called for ice and fog. Upon information and belief, temperature that morning was approximately 17 degrees Fahrenheit.

8. Parts of the sidewalk and walkway leading up to the IHOP Restaurant were covered with a layer of ice. While Plaintiff was walking and nearing the threshold of the main entrance, Plaintiff encountered ice. Plaintiff slipped and fell on the ice-covered sidewalk and sustained serious and debilitating injuries, to include numerous torn tendons and ligaments, and a fractured left hip.

9. The IHOP Restaurant, its employees and agents, had not placed any salt, sand or other substance on the ice to prevent patrons from slipping. Moreover, the IHOP Restaurant, and its employees and agents, failed to warn or notify patrons of the ice on the sidewalk.

10. An employee or agent of the IHOP Restaurant took an accident report and statement from Plaintiff on March 3, 2019.

11. Upon information and belief, employees or agents of the IHOP Restaurant acknowledged fault and liability and subsequently placed salt or sand on the iced areas of the sidewalk.

12. The slip and fall suffered by the Plaintiff resulted in the incurrence of substantial medical expenses, travel and collateral expenses and loss of employment.

## CLAIMS FOR RELIEF

13. Plaintiff adopts each and every allegation set forth in paragraphs one (1) through twelve (12) hereinabove as though set out in full.

14. Defendants knew or should have known of the condition of the sidewalks and walkways

leading to the only public entrance. Defendants should have recognized the danger and hazard to its patrons and visitors using the sidewalks and walkways.

15. Defendants owed a duty of care to Plaintiff, and failed to use ordinary care to keep its premises safe for use by its patrons and visitors, such as Plaintiff.

16. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages to be determined at trial.

17. The negligence of one or both Defendants includes, but is not limited to: (i) direct and circumstantial evidence of negligence; (ii) allowing for the existence or creation of an unreasonable risk of injury to Plaintiff and others; (iii) failure to exercise ordinary care or to prevent injury to Plaintiff and others; (iv) failure to make a reasonable inspection of the IHOP Restaurant premises that would have revealed the dangerous condition; (v) failure to discover the dangerous conditions of the premises; and (vi) failure to adequately safeguard or warn visitors about the icy conditions on the premises.

18. Plaintiff is entitled to all damages recognized by law, including, but not limited to, medical expenses, loss of earnings and earning capacity, pain and suffering, loss of enjoyment of life and emotional distress, all of which are past, present and future.

19. Defendants are jointly and severally liable to Plaintiff.

### JURY DEMAND

20. Plaintiff hereby makes a demand for a twelve (12) person jury trial in and simultaneous with the filing of this Complaint deposits the requisite three hundred dollars ($300.00) with the District Court Clerk

WHEREFORE, Plaintiff requests this Court find in favor of Plaintiff and against one or both Defendants are requested herein: award Plaintiff compensatory damages for the injuries

suffered by the Plaintiff in an amount to be proven at trial; award Plaintiff costs, pre- and post-judgment interest and such other relief as is permitted by law.

        Respectfully Submitted,

        HARMON, BARNETT & MORRIS, P.C.

        By: /s/ Jared Morris
        Jared Morris
        119 S. Main Street
        Clovis, New Mexico 88101
        (575) 763-0077
        Attorneys for Plaintiff